| |
|---|
| **Clarke Contr. LLC v Promethean Bldrs. LLC** |
| 2026 NY Slip Op 30809(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 656229/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　**HON. LYLE E. FRANK**

*Justice*

PART　　11M

-----------------------------------------------------------------------------X

CLARKE CONTRACTING LLC,

　　　　　　　　　　Plaintiff,

　　　　　　- v -

PROMETHEAN BUILDERS LLC,ROBERT J. HUBNER,

　　　　　　　　　　Defendant.

-----------------------------------------------------------------------------X

PROMETHEAN BUILDERS LLC, ROBERT HUBNER

　　　　　　　　　　Plaintiff,

　　　　　　-against-

MICHAEL CLARKE, JC ELITE CONSTRUCTION SERVICES, LLC

　　　　　　　　　　Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656229/2023 |
| MOTION DATE | 11/10/2025 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595259/2024

The following e-filed documents, listed by NYSCEF document number (Motion 009) 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 248, 249

were read on this motion to/for　　　　AMEND CAPTION/PLEADINGS　　　　.

　　　　Upon the foregoing documents, the motion is granted.

**Relevant Background**

　　　　This motion arises out of a bitter business divorce and dispute. Plaintiffs instituted this proceeding in December of 2023, seeking to enforce promissory notes. Defendants counterclaimed to dissolve defendant entity Promethean Builders, LLC, on the grounds that it was not reasonably practicable to carry on business. In March of 2025, Plaintiffs made a demand on defendant Hubner to commence an action on behalf of Promethean to resolve certain breaches of the operating agreement alleged by Plaintiffs. Defendants denied the request in April of 2025.

656229/2023　CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL
Motion No.  009

Page 1 of 4

[* 1]

In May, Plaintiffs filed an amended complaint that asserted several direct and derivative claims. Defendants moved to dismiss the derivative claims, which was granted by order of this Court on October 3, 2025 (the "October Order").

## Discussion

Plaintiffs now seek leave to file a second amended complaint, asserting one direct and two derivative new claims based on alleged breaches of the operating agreement. CPLR § 3025(b) permits a party to seek leave to amend their pleading and directs that such leave is to be "freely given." Leave to amend is properly denied, however, when the proposed claims are "plainly without merit." *Montefiore v. Soja*, 292 A.D.2d 241, 242 [1st Dept. 2002]. Defendants oppose the motion as to the derivative claims and argue that it has already been decided that the decision not to sue is protected by the business judgment rule and that the proposed amended complaint therefore fails to adequately allege the derivative claims. For the reasons that follow, the motion is granted.

The first issue is whether the proposed derivative claims are barred by the October Order. There, Plaintiffs had alleged several derivative claims sounding in tort theory. The Court granted the motion to dismiss these claims, stating in the relevant portion that "the Court finds that plaintiff has failed to allege that defendants' denial of plaintiff's demand was for made in bad faith and not a legitimate corporate purpose." Other derivative claims were dismissed for failing to meet a heightened pleading standard for breach of fiduciary duty and failure to allege necessary elements of a claim for conversion.

Here, the proposed derivative claims are causes of action five and six. They allege that Hubner violated the terms of the operating agreement for Promethean in allegedly a) transferring certain business opportunities offered to Promethean to a company owned solely by Hubner; and

656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL            Page 2 of 4
Motion No.  009

2 of 4

b) taking "various forms of compensation" from Promethean coffers that were not permitted by the operating agreement. Plaintiffs allege that the reason that their demand to bring suit based on these claims was rejected is because defendant Hubner was self-interested and did not wish his allegedly bad faith actions to be exposed.

The Court finds that the proposed claims are not patently without merit, nor are they barred by the October Order. Turning first to the October Order, these claims sound in breach of contract and therefore are not subject to a heightened pleading standard as the tort claims were. And where the October Order based its decision largely on a failure to plead facts going to a bad-faith denial of Plaintiffs' demand, here the proposed amended complaint alleges sufficient facts going to bad-faith. And finally, the proposed claims are not patently without merit. While the decision to bring suit or not is generally covered by the business judgment rule, there is an exception for when "the challenged transaction is affected by an inherent conflict of interest, in which case the burden shifts to the defendant to prove the fairness of the challenged transaction." *Pokoik v. Steinberg*, 2026 N.Y. App. Div. LEXIS 1061, * 2 [1st Dept. 2026]. The proposed amended complaint alleges that the decision not to bring suit against Hubner was made by Hubner on behalf of Promethean because he did not wish to have alleged bad faith actions exposed. On the lenient standard of a motion for leave to amend, and assuming these facts to be true, the claims are sufficiently pled. In opposing the motion to amend, Defendants have not made a showing of the fairness of the challenged transaction (either the underlying actions or the decision not to bring suit). Therefore, Plaintiff has met their burden for leave to amend. Accordingly, it is hereby

ORDERED and ADJUDGED that the plaintiffs' motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving

656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL          Page 3 of 4
Motion No.  009

3 of 4

papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the defendants shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service.

20260306160457LFRANKBD7C37E3F49746D9B64FF94727ACDB3B

_____
**3/6/2026**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL**     **Page 4 of 4**
**Motion No.  009**

[* 4]

4 of 4